Gimbel *v*. Green.

◆

No. 16,216.

GIMBEL *v*. GREEN.

ELECTIONS.—*Contest of.*—*Notice.*—*Requisites of.*—When an election is contested, if the contest is in the commissioners' court the notice of contest must state the time and place of contest; while if the contest is in the circuit court, the notice of the time and place of contest need not be stated, as the law determines that.

SAME.—*Costs of Contest.*—*Prevailing Party Entitled to.*—Where an election is contested upon issues joined, the prevailing party is entitled to a judgment for costs.

ASSIGNMENT OF ERRORS.—*Cross-Assignment.*—*When Objection too Late.*—Objection to cross-errors, relating to the manner and time of making them, comes too late when made as a cause to modify the judgment.

From the Knox Circuit Court.

*H. Burns*, for appellant.

*G. G. Reily* and *J. W. Emison*, for appellee.

OLDS, J.—At a special election, duly held in July, 1890, in the third ward of the city of Vincennes, Knox county, Indiana, for the election of a councilman of said ward, the appellant and appellee were each candidates for said office, and were the only persons for whom ballots were cast for said office at said election, and they were both eligible to said office.

The election board received and counted for the appellant 122 votes, and for the appellee 119 votes, and duly made return to the clerk of said city accordingly.

Gimbel v. Green.

The appellee filed his notice of contest with the clerk of the circuit court of said county, alleging the facts aforesaid and that appellant was claiming to hold and exercise the duties of the office by virtue of said election, also alleging that there were three illegal votes cast and counted for appellant, and that there were eleven legal votes duly cast at said election for the appellee, which were excluded by the election board and not counted for the appellee; that if the three illegal votes counted for the appellant had not been counted the vote would have been a tie, and if the eleven legal votes cast for appellee had been counted, he would have had a majority of the votes cast for councilman at said election. Wherefore, the appellee says he was duly elected, and asks that he be adjudged elected, and to have and to hold the office, and that appellant be adjudged to have no right, title or claim to the office, and for all proper relief.

Upon the filing of the notice, the clerk of the court issued a notice directed to the appellant. The notice commenced in the following manner:

"STATE OF INDIANA, KNOX COUNTY, SS:

"To Seleman Gimbel—You are hereby notified that John L. Green has filed in the office of the clerk of the Knox Circuit Court a statement of contest by him of your election as councilman of the third ward of the city of Vincennes, county of Knox, and State of Indiana, of which the following is a copy," here setting out a full copy of the notice, and concluding as follows: "Said matters of contest will be heard at the September term of the Knox Circuit Court, to be held in the courthouse in said city, beginning on the first day of September, 1890, or so soon thereafter as said matter may be heard by said court," concluding in the usual form, and signed by the clerk, and the seal of the court attached.

This notice was delivered to the sheriff and duly served

by him by delivering to the appellant a certified copy of the same.

Appellant made a motion to quash the notice of contest, which was overruled.

Appellant moved the court to strike the cause from the docket, and to make the statement of contest more specific, and demurred to the statement of contest, which motions and demurrer were, by the court, overruled. Issue was joined by answer in denial to the statement of contest.

The cause was submitted to the court for hearing, and the court found, that the appellant and appellee were the only candidates for the office of councilman in said ward voted for at said election; that each was eligible to the office; that each received the same number of legal votes for said office; that neither was legally elected; that appellee received a certificate of election, and that he qualified and was acting as such councilman. And the court adjudged and decreed, that neither the contestor nor contestee was legally elected as councilman of said ward at said election; that the election and certificate of election issued to the appellee in pursuance thereof be set aside and declared void; that a certified transcript of the proceedings be certified by the clerk of the court to the mayor and common council of said city; that the contestor and contestee each pay the costs by him respectively made.

Appellant moved to modify the judgment by omitting from the judgment the portion canceling the election and certificate of election, and holding them void, and ordering a transcript of the proceedings certified to the mayor and common council of said city; and, further, to modify and change the judgment for costs so as to adjudicate and render a judgment against the appellee for all the costs, which motions were overruled.

Errors are assigned on these several rulings, by the appellant. The appellee also moved the court to modify

and change the judgment for costs and to render a judgment against the appellant for all the costs, which motion was overruled, and appellee assigns cross-errors on this ruling.

Appellant first discusses the question presented by the ruling of the court in overruling the motion to quash the notice.  It is contended that the notice is insufficient, for the reason that it states no time or place for the hearing. This objection is based upon the grounds that as section 4760, R. S. 1881, provides that when statements of contests are filed with the county auditor, he shall issue a notice to the board of county commissioners to meet at the courthouse at a designated time, etc., and shall issue a notice to the contestee to appear at the time and place specified in the notice to the commissioners, which, with a copy of such statement, shall be delivered to the sheriff, etc.  That section 4767, R. S. 1881, requires that all contests for municipal offices shall be tried before the circuit court of the proper county, in the manner provided by law for the contest of county and township offices; that the clerk of the circuit court shall be the person with whom the notice of contest shall be filed, and he shall perform all the duties required to be performed by him and the auditor in other cases, and, therefore, as the notice issued by the county auditor must state time and place, the notice issued by the clerk must state time and place.

We do not think the objection to the notice is well taken.  There is a valid reason why, in the one case, the notice should fix the time and place, while in the other there is not. In case of a contest before the county board, the time and place of the hearing is fixed by the auditor; he fixes the time for the meeting of the board for the trial of the contest, within a time not less than ten nor more

than twenty days from the filing of the statement. Section 4760, *supra*.

While in a contest in the circuit court, the law fixes the time of the holding of the court, and the statute, section 4767, *supra*, provides that "the contest shall be set down for trial at the next term of such circuit court." And the notice in this case sets out a copy of the statement of contest, and says that it will be heard at the September term of said court following, to be held in the court-house in said city, beginning on the 1st day of September, 1890, or so soon thereafter as the matter may be heard by the court.

This was a full compliance with the statute governing the giving of notice in case of a contest before the circuit court. The law fixed the next term of court as the time when the cause should be set down for trial, and the notice was to appear at the next term of the circuit court, to be held at the courthouse in said city, stating the time when said term of court would begin. We think the notice was sufficient, and this holding is supported by the decision in the case of *Hadley* v. *Gutridge*, 58 Ind. 302.

The only remaining question discussed by counsel for appellant relates to the alleged error of the court in overruling appellant's motion to modify and change the judgment.

Two grounds of contest were alleged in the statement of contest. One was that of the 122 votes cast and counted for appellant, three of them were illegal, and should not have been counted, and if not counted, there was a tie vote, and appellant was not elected. The second ground was that eleven legal votes cast for the appellee at such election were unlawfully and fraudulently excluded, and not counted, and if counted would have given appellee a majority of the legal votes cast. The court finds that there was a tie vote, and that appellant was not

Gimbel v. Green.

elected, and so adjudicates, and cancels the election and certificate, and orders a transcript of the proceedings certified to the mayor and common council of said city.

The appellant was not entitled to the office, unless he had received the highest number of votes cast for any-one for said office at said election, and having received only an equal number of votes as those cast for the appellee, he was not entitled to the office. In some instances there is provision made, in case of a tie, for lots to be cast to determine who shall be declared elected; but nothing of the kind was attempted in this case, as appears from the record. The election board declared the appellant elected by reason of his having received a higher number of votes than his competitor, and the court found that he had not received a higher number of votes, but the same number, and hence set aside the election and canceled the certificate. The contestor succeeded in the contest; he established the gist of the charge in his first specification, that there was a tie vote, and in so far as the contest affected the right of the contestee to the office, the contest was successful.

It is contended, by counsel, that the finding and judgment are outside of the issues; that the appellee in his prayer asked that he be declared elected, but there is nothing in this contention. Before the appellee could be declared elected, the action of the election board in declaring appellant elected would have to be set aside and the certificate canceled. The fact that the appellee did not receive all the relief asked for will not deprive him of his rights under the finding as made. He may be entitled to part of the relief asked, and not all. He went far enough to establish the fact that the appellant was not elected, and to oust him from the office, but not to show that he, appellee, was elected.

The statute, section 4743, R. S. 1881, provides that

the election of any person declared elected by popular vote to any office, whether State, county, township, or municipal, may be contested by any elector who was entitled to vote for such person.

The appellee recovered all the benefit from the contest that any contestor could, who was not himself a candidate, and received the highest number of votes cast for the office. Certainly, had an elector not a candidate made contest, and succeeded in having the election of the contestee declared void and the certificate canceled, he would have been entitled to have recovered his costs. He would have recovered a judgment, and would have been entitled to recover his costs. Section 590, R. S. 1881.

The appellee in this case was entitled, under the finding of the court, to a judgment in his favor, and was entitled to recover costs. The fact that the court only taxed the appellant with the costs made by him, instead of all the costs in the case, is a matter of which he can not complain. The appellant denied the grounds of contest. He joined issue on the question of his election and being entitled to the office, and he must abide by the result which followed, not only as to the main question, but as to the costs necessarily incurred in determining it.

There is no error in the record available, in favor of the appellant, for a reversal of the judgment, but the appellee also filed a motion to modify and change the judgment for costs, and have all costs adjudged against the appellant, which motion was overruled, and appellee excepted, and brings the ruling into the record by bill of exceptions, and assigns cross-errors. It follows, from what we have said in passing upon appellant's motion, that the court erred in overruling the motion of the appellee.

Gimbel v. Green.

Judgment is reversed for error of the circuit court in overruling appellee's motion to modify the judgment and render judgment in his favor against the appellant for all costs at the costs of the appellant, with instructions to the court below to sustain said motion of the appellee and enter judgment in his favor against the appellant for costs.

Filed April 4, 1893; petition for a rehearing overruled June 13, 1893.

## On Motion to Modify Judgment.

OLDS, J.—The judgment in this cause was reversed on cross-errors.

The appellant files a motion to modify the judgment by striking out so much thereof as relates to the cross-errors. It is based on the contention that the cross-errors were not assigned properly and within the time allowed for assigning cross-errors.

This objection comes too late to be considered. The assignment of cross-errors is in proper form in the record. The case was briefed by both parties, and no objection was made to considering the question presented by the assignment of errors, and the case was taken up in its order and decided, and it is now too late to object to the consideration of the question thus presented, or to the manner or time of the assignment. It is the duty of counsel to give cases attention before they are decided. The question presented by the cross-assignment of error was discussed by counsel for appellee in his brief, and he asked for a reversal of the judgment in his favor, and no objection was made previous to the decision in the case as to the manner or time of their assignment.

The petition to modify the judgment is overruled.

Filed May 19, 1893.