## SOUTHERN RAILWAY COMPANY v. BUFKINS.

[No. 6,770.   Filed October 5, 1909.   Rehearing denied December 17, 1909.]

1.   TRIAL.—*Verdict.*—*Effect.*—A general verdict for the plaintiff establishes the allegations of his complaint.   p. 81.

2.   MASTER AND SERVANT.—*Railroads.*—*Defective Track.*—*Interrogatories.*—In an action by a bridge carpenter who was riding on a hand-car and who was injured by reason of a low joint and rotten cross ties, answers to the interrogatories to the jury that he had been employed seven days, and that he had passed over the defect "several times," do not overturn a verdict for plaintiff, since neither actual nor constructive notice of the defect is shown. p. 81.

3.   MASTER AND SERVANT.—*Railroads.*—*Defective Track.*—*Interrogatories.*—In an action by a bridge carpenter who was riding on a hand-car "on the Jasper branch," and who was injured by reason of a low joint and rotten cross-ties, answers to interrogatories to the jury showing that the roadbed between Jasper and Huntingburg was in process of reconstruction and that the bridges were being elevated to conform to grade and that the plaintiff was engaged on such bridges, do not overthrow a general verdict for the plaintiff, there being no finding that the plaintiff was assisting in work on the track.   pp. 81, 83.

4.   MASTER AND SERVANT.—*Assumption of Risk.*—*Railroads.*—*Repairing Tracks.*—A servant employed to remedy defects in a railroad track, or in constructing a new track, assumes the risks of such defects, or the dangers of derailing cars on such new track, while engaged in such repair or construction.   p. 82.

From Dubois Circuit Court; *F. A. Ely*, Judge.

Action by Anthony A. Bufkins against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*M. W. Fields, A. P. Humphrey, E. P. Humphrey, J. D. Welman* and *R. M. Milburn*, for appellant.

*Cox & Armstrong*, for appellee.

ROBY, P. J.—It is alleged in the complaint that the appellant negligently permitted its railway track to have in it a low joint, and a defective, old and rotten cross-tie, because of which appellee, who was aboard a hand-car passing over said track, was thrown and injured. He is averred to have been in appellant's employ as a bridge carpenter. The answer was a general denial. There was a trial by jury, verdict and judgment for $1,200.

The only error alleged is based upon the action of the court in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict. In support of this assignment it is argued that the appellant is shown not to have been guilty of negligence; that the appellee assumed the risk of the defective track, and that he was injured by reason of a condition which he was engaged in repairing.

The general verdict finds the negligence charged in the complaint. The answers to interrogatories do not

1. negative the fact so found. It is found that appellee had been in appellant's employ seven days, and that he had passed over the place where he was injured

2. upon a hand-car "several times." There is no finding that the appellee knew of the defect because of which the hand-car was derailed. Facts are not found showing that he should have known thereof. It is found that the railroad between Jasper and Huntingburg was in pro-

3. cess of reconstruction, and that bridges were being elevated to conform to the new grade line, in which

VOL. 45—6

latter work appellee had been employed. These facts are not inconsistent with the safety of the track. They do not convey knowledge of the particular defect, and if they did would not be inconsistent with the nonappreciation of the danger. *Avery* v. *Nordyke & Marmon Co.* (1905), 164 Ind. 186. Neither can low joints and rotten cross-ties be regarded as necessary incidents to the employment.

The well settled rule that, where a servant is employed to put a thing in a suitable and safe condition for use, the master is not required to have the thing in safe condition and good repair for the purpose of such employment, does not apply, for the reason that there is no finding that appellee was employed to put the appellant's railroad track in a safe condition.

Judgment affirmed.

## On Petition for Rehearing.

Roby, J.—Appellant urges its petition for rehearing upon the ground that the answers to interrogatories do show that appellee was injured by reason of defects in the track in which he was engaged in repairing. The findings are that appellant's track between Jasper and Huntingburg was being "practically rebuilt," including the elevation of bridges to conform to new grade lines, and that appellee was assisting to raise such bridges to such lines.

The averment of the complaint is that the appellant had negligently suffered and permitted a part of its track, known as the Jasper Branch, to get out of repair, and to have therein a great number of low joints, defective, old and rotten cross-ties, so much so that when trains and cars would pass over said defective track the same was not sufficient to conduct said trains and cars.

4.  The servant is not permitted to recover on account of defects which he is employed to remedy, such defects becoming, by the terms of the employment, an ordinary risk incident to the service.

Where a railroad is in process of construction, and a train is derailed by reason of the fact that the construction has not proceeded far enough to make the track safe, the doctrine applies to one engaged in such construction. *Baltimore, etc., R. Co. v. Walsh* (1897), 17 Ind. App. 505; *Gimbel v. Green* (1893), 134 Ind. 628.

Even if it be inferred that appellant's track between Jasper and Huntingburg is the one designated in the complaint as the Jasper Branch, and inferences are not allowed in aid of answers to interrogatories, the answers are not yet in impossible conflict with the general verdict, for the reason that they do not show that the defect which caused the injury was in any way due to the rebuilding of said track. Neither do they show that the work which was being done had for its purpose the repair of the defects complained of.

The petition for rehearing is overruled.