## STROUP ET AL. v. GRAHAM ET AL.

[No. 21,395. Filed November 23, 1909.]

1. APPEAL.—*Briefs.—Failure to Discuss Alleged Errors.—Waiver.*— Appellants' failure to present alleged errors in their brief constitutes a waiver of such errors. p. 195.

2. NEW TRIAL.—*Misconduct of Parties and Jurors.—Evidence.— Weighing.—Appeal.*—Where the evidence, on the hearing of a motion for a new trial, as to alleged misconduct of a party and certain jurors, was conflicting, the trial court's decision is conclusive on appeal. p. 195.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Joseph H. Graham and others against William Stroup and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Every A. Mock,* for appellants.

*Dan Waugh, J. R. Coleman* and *Gifford & Gifford,* for appellees.

MONKS, J.—This action was brought by appellees to contest the last will of Reuben Stroup, deceased, and to set aside the probate thereof, on the alleged grounds that said testator was of unsound mind when said will was executed and that the same was procured by undue influence.

The case was tried by a jury, and a general verdict was returned in favor of appellees, and over appellants' motion for a new trial judgment was rendered against appellants.

The only error assigned calls in question the action of the court in overruling appellants' motion for a new trial. The other causes for a new trial, except those charging

1. the misconduct of two jurors and one of the appellees, are waived by appellants' failure to present the same in their brief.

The sworn statement of each of said jurors and of said appellee directly contradicted all said charges of misconduct against them. There were affidavits filed in sup-

2. port of said charges of misconduct, and counteraffidavits corroborating the affidavits of said jurors and said appellees. Under such circumstances it was the exclusive province of the trial court to determine where the preponderance was, and this court can no more determine the weight of such conflicting evidence than it can settle conflict in the evidence given at the trial of the cause upon its merits. *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 466, and cases cited; *Roose* v. *Roose* (1896), 145 Ind. 162, 166; *Cabinet Makers' Union* v. *City of Indianapolis* (1896), 145 Ind. 671-673, and cases cited; *Home, etc., Power Co.* v. *Globe Tissue Paper Co.* (1897), 146 Ind.

673, 679, and cases cited; *Hinshaw* v. *State* (1897), 147 Ind. 334, 378, 379, and cases cited; *Messenger* v. *State* (1899), 152 Ind. 227, 230; *Stevens* v. *Leonard* (1900), 154 Ind. 67, 82, 77 Am. St. 446; *Bloom* v. *State* (1900), 155 Ind. 292, 297; *Keith* v. *State* (1901), 157 Ind. 376, 384, 385, and cases cited; *Schular* v. *State* (1903), 160 Ind. 300, 310; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672, 678, 679, and cases cited; *Trombley* v. *State* (1906), 167 Ind. 231, 233, and cases cited.

Appellants cite a number of cases decided by this court, but they are not in point here, because some one or more of the charges of misconduct were either admitted, or an explanation or excuse made therefor and the charges not denied, or the counter-affidavits did not fully and fairly answer said charges.

Judgment affirmed.