## VANDALIA RAILROAD COMPANY *v.* PARKER.

[No. 22,076.   Filed June 7, 1912.]

1.   MASTER AND SERVANT.—*Injury to Employe.—Section Hand on Railroad.—Right of Recovery.*—The right of a section laborer on a railroad to recover for injuries sustained by falling from an over-crowded hand car being operated under the direction of the railroad company's foreman, must be determined by the common-

law relationship of coemployes and not by the employers' liability act. p. 140.

2. MASTER AND SERVANT.—*Injury to Employe.—Complaint.—Allegations.—Duty of Employer.*—An employer's duty to an employe cannot be implied from mere recital that an act was negligently done, but facts sustaining the existing duty must be specifically alleged. p. 141.

3. MASTER AND SERVANT.—*Vice-Principal.—Fellow Servant.—Section Foreman.*—At common law a section foreman while employing and discharging men is a vice-principal, but in directing them, after their employment, he is a fellow servant. p. 141.

4. MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk.*—An employe assumes the risk of all dangers that are open to ordinary observation, or such as are or may be known by the exercise of ordinary care. p. 141.

From Morgan Circuit Court; *J. W. Williams,* Judge.

Action by James Parker against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*S. O. Pickens* and *Owen Pickens,* for appellant.
*W. H. Pigg* and *John E. Sedwick,* for appellee.

SPENCER, J.—Complaint in one paragraph for personal injuries. Demurrer overruled, and general denial filed. Trial by jury. General verdict and judgment for appellee.

Errors relied on for reversal: (1) Overruling demurrer to the complaint; (2) overruling appellant's motion for a new trial.

Appellee's complaint, in substance, alleges the following material facts: That appellee was employed by appellant as a section laborer to work on its tracks near Mooresville, Indiana; that he worked under the directions of Martin Singleton, appellant's section foreman; that on the evening of September 21, 1908, Singleton ordered the employes to put a hand-car on the track, and return to their respective homes; that while appellee was aiding in propelling said car, under the negligent direction of said foreman, he became unbalanced, fell in front of said car, which ran over and

injured him; that the overcrowded condition of said car and the failure of the appellant to furnish proper transportation, which duty it owed appellee, were the proximate causes of the injuries; that appellee had no knowledge of the overcrowded condition, and did not know or appreciate the dangers arising therefrom or the hazards he was incurring.

This case must be considered upon the common-law relationship of coemployes. This court in construing the employers' liability act (Acts 1893 p. 294, §8017 Burns 1908), in the case of *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, held that an injury to a railway section-man, caused by his foreman stopping a hand-car upon which he was riding, did not arise in the operation of railway trains within the meaning of the employers' liability act, making railroad companies liable for injuries to employes.

This court, in *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320, 323, says: "While an employer is bound to exercise ordinary care to furnish an employe a safe place in which to work, and to exercise ordinary care to keep it in that condition, he is not liable to his employe for the negligence of his coemployes in respect to the details of the work, nor is he bound to protect his employe against the mere transitory perils that the execution of the work occasions, nor is he liable merely because a fellow employe negligently handles or uses appliances or tools, or negligently fails to use them, or negligently operates machinery on a car or cars in such a way as to occasion injury to another employe." *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 80 N. E. 529, 14 L. R. A. (N. S.) 418; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 68 N. E. 262, 63 L. R. A. 460; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 83 N. E. 705; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 83 N. E. 369, 17 L. R. A. (N. S.) 542, 14 Ann. Cas. 375.

An employer's duty to an employe cannot be implied from

mere recital that an act was negligently done, but facts sustaining the existing duty must be specifically alleged. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 83 N. E. 632; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932.

At common law a section foreman while employing and discharging men is a vice-principal, but in directing them, after their employment, he is a fellow servant. *Justice* v. *Pennsylvania Co.* (1892), 130 Ind. 321, 30 N. E. 303; *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 64 N. E. 605, 59 L. R. A. 792.

The test of apprehending danger is not determined by what the injured party anticipated, but the rule is that an employe assumes the risk of all obvious dangers, those that are open to ordinary observation, or such as are or may be known by the exercise of ordinary care. *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280, 66 N. E. 886; *Southern R. Co.* v. *Bufkins* (1909), 45 Ind. App. 80, 89 N. E. 926, 90 N. E. 98; *Indianapolis Traction, etc., Co.* v. *Mathews, supra; Wabash R. Co.* v. *Ray* (1899), 152 Ind. 392, 51 N. E. 920; *American Rolling-Mill Co.* v. *Hullinger* (1904), 161 Ind. 673, 67 N. E. 986, 69 N. E. 460; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153, 56 N. E. 86.

The demurrer should have been sustained.

It follows that the judgment must be reversed for error in overruling the demurrer to the complaint.

As the other questions argued here may not arise upon another trial hereof, we do not deem it necessary to extend this opinion by deciding them.

The judgment is reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 705. See, also, under (1) 26 Cyc. 1362; (2) 26 Cyc. 1389; (3) 26 Cyc. 1321; 8 Ann. Cas. 232; 75 Am. St. 634; (4) 26 Cyc. 1177. As to whether a section foreman is a

fellow servant of the members of the crew with respect to the operation of a hand car, see 20 L. R. A. (N. S.) 434. For the assumption of risk of dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, see 28 L. R. A. (N. S.) 1250.