THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD
COMPANY v. SHIELDS.

[No. 22,749.    Filed May 22, 1916.    Rehearing denied December
22, 1916.]

1. APPEAL.—*Review.*—*Verdict.*—*Conflicting Evidence.*—Where the
evidence in supporting the verdict is disputed, the Supreme Court
cannot order a new trial on the ground that such verdict is not
supported by the evidence or is contrary to law.    p. 707.

2. DAMAGES.—*Personal Injuries.*—*Excessive Verdict.*—A judgment
for $10,000 in a personal injury case is not excessive where there is
evidence to show that the plaintiff, a laborer forty-nine years of
age and capable of earning $2.50 to $3.00 per day, received in-
juries resulting in the loss of all the toes on the left foot, the am-
putation of the left leg four inches below the knee and that he
suffered great pain, etc., there being nothing in the evidence to
lead to the conclusion that the jury acted from prejudice, partiality
or corruption in fixing the amount of the judgment.    p. 707.

3. NEW TRIAL.—*Misconduct of Jury.*—*Answers to Interrogatories.*—
In an action for personal injuries, where the same evidence which
supported the general verdict furnished a foundation for answers
to special interrogatories showing that the accident happened at
the place and in the manner claimed by plaintiff, such answers
did not show an apparent purpose on behalf of the jury to distort
the testimony and to make a case favorable to plaintiff in total
disregard of the evidence, so that a new trial on account of such
answers was properly refused.    p. 708.

4. NEW TRIAL.—*Review.*—*Conflicting Evidence.*—*Misconduct of
Party.*—The Supreme Court will not determine on appeal the
weight of conflicting affidavits submitted for and against de-
fendant's motion for a new trial based upon the misconduct of
plaintiff in procuring alleged perjured testimony.    p. 708.

5. NEW TRIAL.—*Grounds.*—*Surprise.*—*New Evidence.*—*Discretion
of Trial Court.*—In an action for personal injuries, the trial court
did not abuse its discretion in refusing to grant defendant a new
trial on the ground of surprise on account of the introduction of
alleged perjured testimony or because of newly discovered evidence
tending to impeach the witness giving such testimony and on account
of other new evidence, which was merely cumulative, concerning
the habits of the plaintiff, where, considering the entire record, the
evidence in question was not of such a character as to clearly
change the result if a new trial were had.    p. 709.

6. RAILROADS.—*Crossing Accidents.*—*Injuries to Persons.*—*Con-
tributory Negligence.*—The presence of a watchman at a railroad
crossing and his failure to give any warning of danger does not
relieve a person desiring to use the crossing from the exercise of

New York, etc., R. Co. *v.* Shields—185 Ind. 704.

reasonable care for his own safety, but such circumstances may be properly considered by a jury in determining what precaution a reasonably prudent person would have exercised. p. 710.

7. RAILROADS.—*Crossing Accidents.*—*Injuries to Persons.*—*Instructions.*—In an action against a railroad company for personal injuries sustained in a crossing accident, instructions that where a watchman is stationed at a street crossing one has a right to presume safety when no warning of danger is given, unless by the exercise of ordinary carehe could have discovered the approach of the cars to such crossing, are not erroneous as leading the jury to understand that plaintiff had a right to rely solely upon the watchman to warn him of danger. p. 710.

8. RAILROADS.—*Crossing Accidents.*—*Injuries to Persons.*—*Obstructed View of Crossing.*—*Duty of Carrier.*—Where a railroad crossing is made more dangerous by reason of obstructions which intercept the view of persons approaching the crossing, it is the duty of the railroad company to use care commensurate with the increased danger thus occasioned. p. 710.

9. RAILROADS.—*Crossing Accidents.*—*Duty of Railroad at Street Crossings.*—*Instructions.*—*Harmless Error.*—In an action against a railroad company for personal injuries sustained in a crossing accident, instructions assuming that it was the duty of the company to give warning of the approach of its cars to a street crossing, instead of submitting to the jury the question whether ordinary care required such action, while erroneous as a general proposition of law, were rendered harmless under the facts disclosed by the undisputed evidence. p. 711.

10. RAILROADS.—*Crossing Accidents.*—*Duty to Signal.*—*Questions for Jury.*—*Instructions.*—In an action against a railroad company for personal injuries sustained in a crossing accident, an instruction that it was not the duty of defendant company while engaged in switching upon its switch tracks to sound the whistle or ring the bell of its locomotive even though it cross a street, was erroneous, since, under the circumstances, it was a question of fact whether it was the duty of the defendant to give such warning as a signal of its approach to a street crossing. p. 711.

11. RAILROADS.—*Crossing Accidents.*—*Negligence.*—*Care Required at Street Crossings.*—The fact that a railroad company is engaged in switching does not relieve it from exercising care in crossing a public street. p. 711

12. *Trial.*—*Instructions.*—*Repetition.*—It is proper for the court to refuse a requested instruction where the propositions contained therein are covered by other instructions given. p. 711.

13. WITNESSES.—*Competency.*—*Physicians.*—*Privileged Communications.*—In an action for personal injuries, testimony of a physician as to whether plaintiff was in a state of intoxication at the hospital

shortly after the time of the injury was properly excluded as being a privileged communication, where the witness was called as a physician to treat plaintiff and became possessed of the information by reason of his employment.   p. 711.

14.  TRIAL.—*Admission of Rebuttal Evidence.—Discretion of Trial Court.—Presumptions.*—In an action for personal injuries, it will be presumed on appeal that the trial court admitted rebuttal evidence as to the whereabouts of the plaintiff on the night previous to the accident, which occurred about 6:30 o'clock in the morning, even though no evidence on this point had been introduced by plaintiff in making out its case in chief, as tending to rebut the attempt of the defendant to show, as part of its defense, that plaintiff was intoxicated at the time he was injured, since it was within the discretion of the trial court to admit such evidence for that purpose.   p. 712.

From Allen Circuit Court; *John W. Eggeman*, Judge.

Action by Frank J. Shields against The New York, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Walter Olds* and *F. B. Carpenter*, for appellant.
*John H. Aiken*, for appellee.

LAIRY, J.—This was an action brought by appellee against appellant for damages on account of an injury, alleged to have been the result of negligence on the part of appellant in the movement of its cars upon its tracks across Fulton street in the city of Fort Wayne , Indiana, on June 20, 1913. There was a trial by jury and a verdict and judgment in favor of appellee.   Appellant presents on appeal that the trial court erred in overruling its motion for a new trial.

There is some evidence to support the allegations of the complaint that appellee, while lawfully traveling northward on the sidewalk on the west side of Fulton street, was struck by the first of a line of box cars, which were being pushed across

the street from the west of the crossing, with no person on the car, and with no signal or warning being given, and that appellee in the exercise of due care, on account of buildings that obstructed his vision, could not and did not learn of the approach of the cars until too late to avoid being struck; that he was struck by the car, knocked down and dragged about 200 feet into a stoneyard, where he was discovered, placed upon an improvised stretcher and carried to and placed upon another switch track, from which he was afterwards taken to the hospital. The defense under answer of general denial was that the injury occurred while appellee was a trespasser on the industrial switch track located about forty feet north of the place he claims to have been found. The evidence

1. supporting the verdict is disputed but this court cannot order a new trial upon the grounds that such verdict is not supported by the evidence or is contrary to law.

Appellant urges that the verdict of $10,000 damages is excessive. The evidence shows that appellee by the injury complained of was occasioned

2. the loss of all the toes on his left foot, and the loss of his right leg which was amputated four inches below the knee, that he was a man forty-nine years of age, in good health and capable of and was earning $2.50 to $3 per day as a laborer, and that he suffered great pain and was caused to incur medical and hospital expenses. Under the evidence the amount of the judgment does not lead to the conclusion that the jury acted from prejudice, partiality or corruption. *Cleveland, etc., R. Co. v. Hadley* (1907), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Indianapolis St. R. Co. v. Kane* (1907), 169 Ind. 25, 80 N. E. 841, 81 N. E. 721.

It is contended that a new trial should have been granted on account of alleged misconduct of the jury and of the prevailing party. Appellant claims that the jury in response to interrogatories submitted to it made certain manifest repugnant answers and answers which were unsupported by the evidence for the purpose of sustaining its verdict. Without setting out the specific answers to which the court's attention is called, it is sufficient to say that such answers are to the effect that the accident occurred at the place and in the manner claimed by appellee, and that it did not occur on the industrial track as contended by appellant. The same evidence which supports the general verdict furnished a foundation for these answers. They were not repugnant and unwarranted, and did not show a purpose clearly apparent on behalf of the jury to distort the testimony and to make a case favorable to appellee in total disregard of the evidence as appellant claims.

The misconduct of the prevailing party of which appellant complained is the alleged action of appellee in procuring and attempting to procure certain testimony which it is claimed was perjured and false, known to be such by appellee and obtained by him for the purpose of influencing the jury, and which procured testimony it is stated did have that effect. The testimony principally attacked was that of John E. Golday concerning the place the injury occurred and that of certain other witnesses concerning the habits of appellee. In support of this assignment appellant filed many affidavits, and a counter showing was made by the filing of affidavits by appellee. It was thus necessary for the trial court in passing upon this cause assigned for a new trial to weigh the evidence upon the issue of fact presented. The affidavits which

made up the evidence were conflicting and this court can no more determine the weight of such conflicting evidence than it can settle conflict in the evidence given at the trial of the cause upon its merits. *Stroup* v. *Graham* (1909), 173 Ind. 194, 89 N. E. 849, and cases there cited.

Appellant claimed surprise on account of the introduction of this testimony of Golday, and also that evidence had been newly discovered which was material to appellant's cause and which could not have been discovered with reasonable diligence. The newly discovered evidence was stated to be testimony to the effect that the witness Golday was not in Fort Wayne at the time of the accident as he had testified on the trial; that, contrary to his testimony, he was related to plaintiff; also evidence to the effect that the plaintiff was not sober and industrious as had been shown by the testimony of certain witnesses on the trial. The object of the evidence concerning the whereabouts of Golday at the time of the accident was to impeach that witness. The evidence as to the habits of the plaintiff was merely cumulative. Considering the entire record, the evidence in question was not of such a character as to clearly change the result if a new trial were had. The trial court did not abuse its discretion in refusing to grant a new trial on the grounds of surprise or newly discovered evidence.

Complaint is made of each of the instructions numbered from four to twelve inclusive tendered by appellee and given by the court. Some of these instructions if submitted to strict analysis may not state the law with exact precision, but when taken together and considered with other instructions given in the case it is not probable that the jury was misled. It is claimed that the jury was in-

formed by instructions Nos. 4, 5, 8 and 9 that appellee, in approaching the crossing where a watchman was maintained, had a right to rely solely on the watchman to warn him of danger, and that the jury would probably understand from these instructions that appellee was not required to exercise any precautions to discover danger in the absence of a warning from the watchman. The presence of a watchman at a railroad crossing and his failure to give any warning of danger does

6.   not relieve a person desiring to use the crossing from the exercise of reasonable care for his own safety, but such circumstances may be properly considered by a jury in determing what precautions a reasonably prudent person would have exercised. Instruction No. 4 is incomplete

7.   but instruction No. 5 contains the provision that under such circumstances one has a right to presume safety, "unless by the exercise of ordinary care he could have discovered the approach of the cars to such crossing." Instructions Nos. 8 and 9 contain a similar provision. The jury could not have understood from these instructions that appellee had a right to depend entirely upon the watchman to warn him of danger.

Instructions Nos. 6, 11 and 12, which told the jury that if the crossing was made more dangerous by reason of obstructions which intercepted

8.   the view of persons approaching the crossing, then it was the duty of appellant to use care commensurate with the increased danger thus occasioned, were not erroneous. *Lake Shore, etc., R. Co.* v. *McIntosh, Admr.* (1895), 140 Ind. 261, 38 N. E. 476.

Instructions Nos. 7 and 10 assume that it was the duty of appellant to give warning of the approach

of its cars to a street crossing, instead of submitting to the jury whether or not ordinary care required such action. While these instructions cannot be approved as general propositions of law, under the facts in this case as disclosed by the undisputed evidence, the error in giving instructions Nos. 7 and 10 was harmless.

The court did not err in refusing to give instructions Nos. 1, 11, 16, 17 and 18 requested by appellant. Instruction No. 11 contained an erroneous proposition to the effect that it was not the duty of appellant while engaged in switching upon its switch tracks to sound the whistle or ring the bell of the locomotive even though it crossed a public street. Whether it was the duty of appellant to give this particular warning as a signal of its approach to a street crossing was a question of fact under the circumstances. *American Hominy Co.* v. *LaForge* (1915), 184 Ind. 600, 111 N. E. 8. The instruction was also objectionable in that it was so worded as probably to have misled the jury to understand that the fact that appellant was engaged in switching would have relieved it from exercising care in crossing a public street. Instruction No. 11 was erroneous, and the propositions contained in the other instructions refused were covered by instructions given.

Appellant also assigns as grounds for a new trial the exclusion of the testimony of the witness Dr. J. F. Dinnen and the admission of certain testimony on rebuttal. The testimony excluded was in reference to whether plaintiff was in a state of intoxication at the time the witness came in contact with him. The evidence was excluded upon the ground that the witness was a

physician called to treat the plaintiff and the question called for the disclosure of a privileged communication. It is appellant's contention that the information concerning the plaintiff's condition was not obtained by reason of the witness's employment, but was gained merely by reason of the witness's presence at the place. According to Dr. Dinnen's testimony, he saw the plaintiff at the hospital, where, as physician and surgeon, he was called to treat the plaintiff. The witness was asked, "I will ask you when you first came there and got in contact with him during that time and immediately following whether he was in a state of intoxication or whether there was any odor of liquor about him?" From the witness's statement, he saw the plaintiff as his physician and it was in his employment only that he became possessed of the information solicited by the question objected to. The evidence was correctly excluded. *Indianapolis, etc., Transit Co. v. Hall* (1905), 165 Ind. 557, 76 N. E. 242.

The evidence in rebuttal which is complained of was in reference to the whereabouts of the plaintiff on the night previous to the accident, which occurred about 6:30 o'clock in the morning.

14.

Objection was made to the admission of this evidence upon the ground that no evidence as to this point had been introduced by plaintiff in making out his case in chief. Appellant, however, as a part of its defense, attempted to show that appellee was intoxicated at the time of the accident and it will be presumed that the trial court admitted the evidence complained of as tending to meet this phase of the defense. It was within the trial court's discretion so to do

The trial court committed no reversible error in

overruling of appellant's motion for a new trial. Judgment affirmed.

Erwin, J., not participating.

NOTE.—Reported in 112 N. E. 762. Excessiveness of verdict in actions for personal injuries, L. R. A. 1915F 30.