**Harold D. JOHNSTON, Jr., Harold D. Johnston and Brenda Johnston, Plaintiffs-Appellants,**

**v.**

**Melvin R. BROWN, Dwight Kline and Elizabeth Kline, Defendants-Appellees.**

**No. 3–284A50.**

Court of Appeals of Indiana, Third District.

Sept. 27, 1984.

598

James E. Easterday, Sowinski, Easterday & Ummel, Plymouth, for plaintiffs-appellants.

Charles K. Michael, George W. Stephenson, Logansport, Lester L. Wilson, Winamac, for defendants-appellees.

GARRARD, Judge.

On May 4, 1980 Melvin Brown and Dwight Kline were in the process of dismantling a silo and transporting it to Kline's farm. Brown was driving a pickup truck loaded with metal silo parts, some of which hung out over the sides of the truck bed. Brown and a passenger were travelling north on State Road 17 near Kewanna when they both noticed a boy on a bicycle riding south, i.e. toward them on their side of the highway. Brown drove the truck closer to the centerline of the road. As the truck and the boy passed each other, a protruding metal rod struck the boy and severely damaged his right arm. The boy, Harold Johnston, Jr., was 14 years old and mildly mentally retarded. On April 21, 1982 the boy and his parents brought suit against Brown, Kline and Kline's wife, alleging negligence. After trial, the jury returned a verdict for the defendants.

After perfecting this appeal, the Johnstons raise three issues, as restated:

1) Whether the trial court abused its discretion by refusing to amend the pretrial order and allow testimony of an additional witness.

2) Whether the trial court erred, on the issue of contributory negligence, by
a) denying the plaintiffs' motion for judgment on the evidence,
b) submitting the issue to the jury, and
c) finding for the defendant on the issue which should have been negated, as a matter of law, by the doctrine of last clear chance.

3) Whether the trial court erred in refusing to give plaintiffs' proposed instruction No. 6 on imputed negligence.

*Issue 1*

The Johnstons assert that the trial court abused its discretion when it refused to amend the pretrial order by allowing testimony of an additional witness. The pretrial order required that any additional witnesses for trial were to be reported to the other party not later than three days before trial. Due to an intervening legal holiday which delayed mail delivery, the defendants did not receive notice of the Johnstons' intent to call an additional witness until the morning of trial. The trial court did not allow the testimony of the additional witness due to the Johnstons' failure to give notice sooner when there was no justifiable reason for failing to do so.

■ Amendment of a pretrial order to allow additional witnesses to testify is a matter within the trial court's discretion and will be reviewed only for abuse of that discretion. *Dominguez v. Gallmeyer* (1980), Ind.App., 402 N.E.2d 1295. The boy's mother testified that he had an IQ of 68 to 70, which was 20–30 points lower than normal IQ and that he was two to four years behind a normal fourteen year old in school. This is substantially the same information to which the plaintiff's offer to prove reveals the excluded witness would have testified.[1] No abuse of discretion has been shown by the exclusion. *Cf. Indiana State Highway Commission v. Vanderbur* (1982), Ind.App., 432 N.E.2d 418 (answers in pretrial depositions and interrogatories excluded from evidence testified to in substance at trial).

*Issue 2*

The Johnstons maintain that the trial court erred in denying their Rule 50(A)(1) motion for judgment on the evidence on the issue of contributory negligence. First, they claim any finding of contributory neg-

---

1. The excluded witness testified in the offer to prove that the boy was moderately mentally handicapped with an IQ of 68 to 74 and was two, three, or four years behind his age group in school.

ligence was based on a violation of IC 9–4–1–101,[2] which the defendants failed to prove because no one testified the boy was riding on the roadway. Second, they maintain that even if a violation of the statute was shown, no causal connection between the violation and the injury exists.

As stated in *Dibortolo v. Metropolitan Sch. District of Washington Twp.* (1982), Ind.App., 440 N.E.2d 506 at 508:

> "[J]udgment on the evidence is proper only where there is a lack of evidence of probative value upon one or more of the factual issues necessary to support a verdict, and no reasonable inference in favor of the plaintiff can be drawn from this evidence. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 707; *Walters v. Kellam & Foley* (2d Dist.1977), 172 Ind. App. 207, 360 N.E.2d 199, 205. The evidence must be viewed in the light most favorable to the non-moving party, and if there is any evidence of probative value or reasonable inference therefrom which supports the plaintiff's claim, or if the evidence conflicts such that reasonable minds might draw differing conclusions, judgment on the evidence is inappropriate. Only where the evidence is without conflict and susceptible to one inference in favor of the moving party should judgment on the evidence be rendered. *P–M Gas & Wash Co. Inc. v. Smith* (2d Dist. 1978), [178] Ind.App. [457], 383 N.E.2d 357, 359; *Mamula v. Ford Motor Co.* (1971), 150 Ind.App. 179, 275 N.E.2d 849, 852."

■ The testimony at trial reflects a conflict in the evidence concerning the exact position of the bicycle on the highway. Moreover, it is uncontradicted that the boy was travelling in the wrong direction regardless of his exact position on the highway.[3] This alone forms a basis for a violation of the statute. Finally, there can be no greater direct link between a violation of the statute and the injury because if there had been no violation, i.e. if the boy had been riding his bicycle south on his right lane of the highway, he would not have been struck by the truck travelling north in its right lane of the highway. Moreover, from the evidence that the truck was travelling approximately 20 m.p.h., that the plaintiff was riding toward it, and that he could have easily moved four or five feet further away from the travelled portion of the highway, the jury could have determined that apart from the statute he failed to exercise reasonable care. The trial court's denial of the Johnstons' TR 50(A)(1) motion is affirmed.

The Johnstons argue that the trial court erred in submitting the issue of contributory negligence to the jury because they claim a fourteen year old retarded child with a mental age of ten years in a position of sudden peril is not guilty of contributory negligence as a matter of law. We do not agree.

No instruction regarding a sudden emergency was offered at trial by the Johnstons. Neither did they include an argument based on sudden emergency in their motion to correct errors. Consequently this portion of their argument is waived under Appellate Rule 8.3(A)(7).

---

2. "The operator of any bicycle upon any public highway shall observe each and all of the regulations and requirements of this act as these apply to the usage of the right lane of the highway in travel, the stoppage and proceeding in accord with traffic signals, and the utilization of prescribed manual signs for the guidance of other traffic."

3. IC 9–4–1–101 requires bicycle operators travelling on any public highway to observe rules and regulations of the act pertaining to the use of the right lane of the highway. IC 9–4–1–14(a) defines "highway" as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." The Johnstons rely heavily on the fact no one testified specifically that the boy was on the roadway. "Roadway" is defined in subsection (c) as "that portion of a highway improved, designed, or ordinarily used for vehicular travel." However, it is clear from the statute and the evidence that regardless of whether the boy was on the roadway or the berm, he was going the wrong direction on the *highway* which is the pertinent area under the statute and the reason it is uncontradicted a violation of the statute occurred.

The mother testified that the boy's intelligence was equivalent to a ten to twelve year old child. The standard of care for children involved in negligence or contributory negligence involving violation of a safety statute is that degree of care ordinarily used by children of like age, knowledge, judgment and experience under similar circumstances. *Bixenman v. Hall* (1968), 251 Ind. 527, 242 N.E.2d 837. We cannot say that a fourteen year old mentally retarded child with the mental abilities of a ten to twelve year old is incapable of contributory negligence as a matter of law. *Cf. LaNoux v. Hagar* (1974), 159 Ind.App. 646, 308 N.E.2d 873 (court properly instructed jury on standard of care for an eleven year old bicyclist who violated IC 9–4–1–101). Consequently, the trial court properly submitted this issue to the jury.

Finally, the Johnstons argue that, as a matter of law, a finding of contributory negligence was erroneous because the doctrine of last clear chance negated any finding of contributory negligence.

On review of a claim that a jury's verdict is contrary to law, we will set aside the verdict only where it is against the evidence, where there is a total lack of evidence, or where it is contrary to uncontradicted evidence. *Plan-Tec. Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212. We will not reweigh evidence or judge the credibility of witnesses but only determine if the verdict is sustained by substantial evidence of probative value. *Id.*

In order for the doctrine of last clear chance to apply, the following must exist: A plaintiff, through negligence, places himself in a position of peril from which he cannot extricate himself or to which he is oblivious. The defendant must know of the plaintiff's perilous position, must have the least clear chance to avoid injury to the plaintiff, and must fail to exercise due care to prevent injury. *Sims v. Huntington* (1979), 271 Ind. 368, 393 N.E.2d 135.

The Johnstons rely heavily on testimony that Brown and the passenger of the truck saw the boy when they were 150 feet apart. However, the defendant's knowledge of the plaintiff's peril, even if conclusively shown, is only one element of the last clear chance doctrine. The evidence regarding the defendant's last clear chance, his exercise of due care and the plaintiff's ability to extricate himself from a position of peril was inconclusive or contradictory, i.e. questions of fact for the jury. There was testimony that the boy could have moved four to five feet further to his left as the truck approached at 20 miles per hour. Moreover, the driver testified he had moved the truck to his left so that the tires were next to the centerline and the passenger testified that she believed there was sufficient room for the boy to pass safely on their right. The jury was properly instructed on the doctrine of last clear chance and substantial evidence of probative value exists to sustain the jury's verdict.

*Issue 3*

The Johnstons assert that the trial court erred in refusing to give their instruction No. 6 on imputing negligence to the child from the parents. Plaintiffs' proposed final instruction No. 6 read:

"I instruct you that should you find that the parents in whose charge the plaintiff was at the time of the injury in question, were themselves negligent, such negligence of the parents cannot be imputed or charged to or against the plaintiff, Harold D. Johnston, Jr."

The court's instruction No. 20 read, in pertinent part:

"[T]he defendants may fail to prevail on this defense but instead show that Harold Johnston and Brenda Johnston were negligent in allowing Harold D. Johnston, Jr. to ride his bicycle unattended along a public road. Should this occur, then, if the balance of the necessary element have [sic] been proven by plaintiff Harold D. Johnston, Jr. he may recover damages while this act of contribu-

tory negligence bars recovery by Harold D. and Brenda Johnston."

The court's instruction No. 27 stated:

"The rights of Harold D. Johnston, Jr. and of Harold D. Johnston and Brenda Johnston, the plaintiffs in this cause, are separate and distinct. You will treat and determine their claims separately. The instructions given you govern the case of each plaintiff so far as applicable to such plaintiff."

Finally, the court instructed the jury in separate instructions regarding damages for the boy and the parents.

■ If the substance of a proposed instruction is contained in an instruction which was given to the jury, there is no error in failing to give the proposed instruction. *Brook v. St. John's Hickey Memorial Hospital* (1978), 269 Ind. 270, 380 N.E.2d 72. The trial court's instructions on this issue included the substance of the plaintiff's proposed instruction. The trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.