Walter HANAS, Appellant
(Defendant Below),

v.

Ronald RASMUSSEN and Linda Ras-
mussen, Appellees (Plaintiffs Below).

No. 3–185A19.

Court of Appeals of Indiana,
Third District.

Oct. 23, 1985.

Frank J. Galvin, Jr., Eric L. Kirschner, Galvin, Stalmack & Kirschner, Hammond, for appellant.

Hilbert L. Bradley, Gary, for appellees.

STATON, Presiding Judge.

Walter Hanas appeals from a jury verdict rendered in favor of Ronald Rasmussen. He raises four issues on appeal:

(1) Whether the trial court erred in refusing to grant Hanas's motion for judgment on the evidence;

(2) Whether the jury's verdict was against the weight of the evidence and contrary to law;

(3) Whether the trial court properly refused certain of Hanas's tendered instructions; and,

(4) Whether the jury's award of damages was outrageous and improperly motivated.

Affirmed.

Private Ronald Rasmussen, a firefighter for the city of Hammond, Indiana, suffered a head injury as a result of a fall from the back of a fire truck as he and his unit responded to an emergency call. Engineer Ronald O'pinker was driving the truck, and Captain Walter Hanas was seated beside him in the cab.

Rasmussen brought suit against O'pinker, Hanas, the mayor of Hammond, and the city of Hammond. The city and mayor were dismissed as defendants. After the conclusion of a jury trial, a verdict was rendered for Rasmussen and against Hanas, and for O'pinker and against Rasmussen. Hanas appeals.

I.

Judgment of the Evidence

In reviewing the denial of a motion for judgment on the evidence we look only to the evidence and reasonable inferences drawn therefrom most favorable to the non-moving party. *Farm Bureau Ins. Co. v. Crabtree* (1984), Ind.App., 467 N.E.2d 1220, 1225; *Searcy v. Manganhas* (1981), Ind.App., 415 N.E.2d 142, 143. Hanas claims the evidence showed that there was no duty on his part to look out for Rasmus-

sen. However, in Hanas's own testimony he admitted to having a duty under the rules and regulations to watch for privates boarding the rear of the truck. The trial court did not err in denying his motion for judgment on the evidence on this ground.

Hanas further argues that Rasmussen was contributorily negligent and assumed the risk of his injury as a matter of law. Hanas opines that, according to the testimony of an eyewitness, Rasmussen attempted to board the fire truck as it pulled away. However, Rasmussen testified that the truck pulled away just as he boarded it. Where there is conflicting evidence, judgment on the evidence is inappropriate. *Farm Bureau Ins. Co. v. Crabtree, id.*

Hanas goes on to assert that the risk of injury was assumed because the hazard was open and obvious. *See Law v. Yukon Delta, Inc.,* (1984), 458 N.E.2d 677, 679, *reh. denied.* A defect must be hidden and unobservable, not open and obvious, for recovery to be allowed. *Bemis Co., Inc. v. Rubush* (1981), Ind., 427 N.E.2d 1058, 1061. Otherwise there is no duty to warn if the defect is observable. *Id.* Therefore, the danger Hanas claims to be open and obvious must be observable. Hanas also cites *City of South Bend v. Estate of Rozwarski* (1980), Ind.App., 404 N.E.2d 19, as precluding a suit by one fireman against another for alleged negligence during an emergency run based on the open and obvious rule.

However, *Rozwarski* is inapplicable. The fireman, Rozwarski, was killed when the fire truck on the back of which he was riding collided with another vehicle. The estate claimed that Rozwarski's injury was caused by the fire truck not having the requisite safety equipment or proper lights in accord with statutory requirements, and that the drivers were not properly trained. *Rozwarski, supra,* 404 N.E.2d at 21. The defects in the truck were held to be open and obvious because they were not hidden, because Rozwarski had worked around fire trucks for nineteen years, and because those defects were common to all fire trucks. *Rozwarski, supra,* at 22. Also,

Rozwarski, because he occasionally drove fire trucks, would have known whether the training was adequate. *Id.*

There is no allegation of incompetence of the driver here, nor is there any allegation of a defect in the fire truck. There is, in fact, nothing which can be considered an open and obvious defect. Hanas's argument goes to straight contributory negligence—that Rasmussen acted unreasonably in attempting to board a moving fire truck. The evidence was in conflict on this point, as noted above, and judgment on the evidence would not have been proper.

Also, Hanas points to evidence in the record that it was raining and the fire truck was sitting outside in the rain. However, there is no evidence on how the rain had affected the fire truck, or whether there was any risk of slipping off the back as a result of the rain, or whether such condition was observable. Therefore, there was no evidence supporting this argument as a ground for granting judgment on the evidence.

In addition, Hanas cites *Estes v. Hancock County Bank* (1972), 259 Ind. 542, 289 N.E.2d 728, for the proposition that, as the driver had not been found liable for Rasmussen's injury, Hanas cannot be found liable. *Estes,* however, only holds this to be true if the sole basis for liability of the employer is the action of the employee. 259 Ind. at 545, 289 N.E.2d at 730. Rasmussen's complaint alleges a separate duty on the part of Hanas to make sure firemen boarding the rear of the fire truck are safely on before the fire truck can move.

Similarly, Hanas invokes the fellow-servant doctrine to no avail. That doctrine holds that an employer cannot be held liable for the injuries of an employee negligently caused by a fellow employee. *See Vandalia Railway Co. v. Parker* (1912), 178 Ind. 138, 140, 98 N.E. 705. Again, however, we note that a direct and separate duty and act of negligence was alleged

against Hanas. Therefore, the cases cited for these propositions are inapplicable, and judgment on the evidence was properly not granted.

## II.

### Jury's Verdict

■ Hanas contends that the jury's verdict was contrary to law and the evidence as adduced at trial. When reviewing a claim that a jury's verdict was contrary to law, we set aside the verdict only if it is against the evidence, if there is a total lack of evidence, or if it is contrary to uncontradicted evidence. *Johnston v. Brown* (1984), Ind.App., 468 N.E.2d 597, 601. We will not reweigh the evidence or judge credibility of witnesses, but only determine if the verdict is sustained by substantial evidence of probative value. *Id.*

■ Hanas's contentions on this point are essentially the same as those raised above. Hanas contends that the jury should have found contributory negligence as a matter of law, and that the evidence supported a finding of contributory negligence. First we note that the evidence was in conflict on contributory negligence, and we will not reweigh conflicting evidence. *Johnson, supra.* Second, Hanas argues that as a matter of law Rasmussen was contributorily negligent in that the danger was open and obvious. We discussed above why the open and obvious rule does not apply in this case, and we do not find the jury's verdict contrary to law. Hanas also raises the fellow-servant doctrine and the rule announced in *Estes, supra.* These

theories are not applicable in this case as noted above.[1]

## III.

### Instructions

■ Hanas also contends that the trial court erred in refusing to give three of his tendered instructions.[2] On review of a trial court's refusal to give a tendered instruction, we must determine: whether the tendered instruction correctly states the law; whether there was evidence on the record to support giving the instruction; and, whether the substance of the instruction was adequately covered by other instructions which were given. *Stein v. Yung* (1985), Ind.App., 475 N.E.2d 52, 53, *reh. denied.*

■ Hanas tendered the following instruction on contributory negligence:

"If you find that the proximate cause of the plaintiff's injuries was his negligence in attempting to jump on a moving fire engine, then the plaintiff's contributory negligence would bar his recovery against all defendants."

The trial court instead gave the following instruction:

"The question of contributory negligence on the part of the plaintiff is an issue in this case. If plaintiff was guilty of negligence that proximately contributed to his (injury) or (damage) then plaintiff cannot recover even though the defendant may have been negligent."

The defendant has the burden of proving by a preponderance of the evidence

---

1. In addition, Hanas claims the jury engaged in misconduct. By affidavit, Hanas's attorney claimed the jury foreman informed the court that the jury found none of the defendants liable but wanted Rasmussen to recover for his injuries, which is why they found against Hanas. However, counsel for Rasmussen filed an affidavit swearing no such colloquy took place. The law in Indiana is that the trial court's decision is presumed correct where misconduct is alleged and tried before the court by affidavit and counter-affidavit. *Stroup v. Graham* (1909), 173 Ind. 194, 195, 89 N.E. 849, 850; *Stevens v. Leonard* (1900), 154 Ind. 67, 82, 56

N.E. 27, 32, 33. We also note that Hanas made no objection on the record at the time of the alleged incident, and that Hanas polled the jury when the verdict was returned and made no objection at that time.

2. Rasmussen contends that Hanas has waived this issue by failing to object to the trial court's refusal to give the tendered instructions. However, the tendering of an instruction automatically gives the tendering party an objection if the instruction is refused. *Duchane v. Johnson* (1980), Ind.App., 400 N.E.2d 193, 196.

that plaintiff was guilty of such negligence....

Negligence, either on the part of the plaintiff or the defendant, is the failure to do what a reasonable careful and prudent person would have done under the same or like circumstances, or the doing of some thing which a reasonable careful and prudent person would not have done under the same or like circumstances; in other words, negligence is the failure to exercise reasonable or ordinary care." The trial court's instructions clearly cover the substance of Hanas's tendered instruction. The only difference lies in Hanas's recitation of specific facts, which he argued in his closing remarks to the jury. There was no error committed here.

■ Hanas also tendered the following instructions covering the open and obvious danger rule and the fellow-servant doctrine:

"A person that engages in activity with the knowledge that he is exposing himself to an open and obvious danger can hardly be regarded as reasonable or prudent. He can be considered negligent. Once the plaintiff is found to be "contributorily negligent, his right to recovery is cut off and your verdict must be for the defendants.

   \*    \*    \*    \*    \*    \*

You, the jury, are instructed that an employee cannot recover from his employer for injuries received because of the negligence of fellow servants. If you find that the negligence of either Mr. O'Pinker or Mr. Hanas was the cause of the injury to the plaintiff and that the plaintiff as well as the said defendants were working for the City of Hammond, then you are instructed that the Plaintiff cannot recover from any of the defendants."

As our discussion concerning Hanas's motion for judgment on the evidence indicates, we do not find sufficient evidence or support in the law for applying either the open and obvious danger rule or the fellow-servant doctrine in this case. Therefore, the trial court did not err in refusing to give these tendered instructions.

## IV.

### Damages

■ Hanas contends that the jury award of damages was not supported by the evidence. The determination of damages is a jury question, and on appeal, we look only to the evidence and inferences therefrom which support the damages awarded. *Posey County v. Chamness* (1982), Ind.App., 438 N.E.2d 1041, 1050.

■ Specifically, Hanas argues that the testimony of Dr. Arshad, a psychiatrist who testified for Rasmussen, was not credible or reliable enough to establish the basis for a damage award. Hanas would rather have us believe that the psychologist and doctors who testified for him were more credible in their analysis of Rasmussen's ailment. Hanas does not challenge the qualifications or expertise of Dr. Arshad, nor did he do so at the trial court. Hanas essentially would have us believe the testimony of all his experts and ignore the testimony of Dr. Arshad. This would violate our standard of review. Therefore, we will not reverse the damage award.

We affirm.

GARRARD, J., concurs in part and concurs in result in part with opinion.

HOFFMAN, J., dissents with opinion.

GARRARD, Judge, concurring in part and concurring in result in part.

I concur with the majority except as to its treatment of Hanas' tendered instructions concerning open and obvious danger and fellow-servant doctrine. Concerning those instructions, I concur in result.

It was not error to refuse the open and obvious danger instruction because its contents were adequately covered by the court's instruction on contributory negligence.

It was not error to refuse the fellow-servant instruction because it did not correctly state the law. The fellow-servant

doctrine applies to an employer's liability based upon the doctrine of respondeat superior. It does *not* bar personal liability on the part of the negligent fellow servant. *See* Prosser & Keeton on Torts (5th Ed.) pp. 571–72.

HOFFMAN, Judge, dissenting.

I dissent. IND.CODE § 34–4–16.5–5(a) states that "[a] judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement."

Several decisions make clear that the suit against the individual employees in the present case was barred once the claim against the governmental entity was concluded for any reason. In *Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887, 889, our Supreme Court stated:

> "The language of the statute is plain and unambiguous. If a governmental employee's conduct gives rise to a claim in tort against the employing governmental entity, any 'judgment' rendered with respect to the governmental entity, or any 'settlement' which the governmental entity executes, bars an action against an employee."

> *See also, Bd. of Com'rs of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, 339 (plaintiff's removal of governmental entity from suit constituted a judgment pursuant to IND.CODE § 34–4–16.5–5(a) barring suit against the governmental employee); *Teague v. Boone* (1982), Ind.App., 442 N.E.2d 1119 (failure to give notice of claim bars suit against employee as well as governmental entity); *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201, 1213 (IND.CODE § 34–4–16.5–5(a) bars an action against a governmental employee when summary judgment granted for the political subdivision on the basis of failure to comply with the notice requirements of the Tort Claims Act).

The result is not altered by the Rasmussens' assertion that Hanas owed a specific duty to observe firemen boarding the truck, for safety purposes. The action is based upon the alleged failure to perform duties within the scope of Hanas employment with the City of Hammond. In order to avoid the dictates of IND.CODE § 34–4–16.5–5(a), the conduct on the part of Hanas would have had to have been so outrageous that it was beyond the scope of his employment. *See, Jacobs v. City of Columbus, etc.* (1983), Ind.App., 454 N.E.2d 1253, 1258–1262. The Rasmussens made no such allegation.

The trial court erred in not dismissing the suit against the individual governmental employees along with the governmental unit.