Gene **DANOV** and Janice **Danov, Appellants,**

v.

**COLOR TILE, INC., Appellee.**

No. 46A04–9009–CV–424.

Court of Appeals of Indiana, Fourth District.

May 20, 1991.

Stephen A. Kray, LaPorte, for appellants.

CONOVER, Judge.

Plaintiffs–Appellants Gene and Janice Danov (Danov) appeal the trial court's grant of motion for relief from default judgment in favor of Defendant–Appellee Color Tile, Inc. (Color Tile).

We affirm.

The Danovs present one issue for our review:

> whether the trial court abused its discretion in setting aside its default judgment against Color Tile.

In January, 1989, Ronald Pratt (Pratt) sued the Danovs for labor and materials furnished to improve their home. In April, the Danvos answered and counterclaimed against Color Tile. The Danovs alleged because they relied on Color Tile's representations and guarantees of tile quality and Pratt's workmanship, Color Tile should be held responsible for the restoration expenses of the unsatisfactory installation of tile.

Darryl Black, a local store manager, accepted service of the summons for Color Tile, but it entered no appearance. In September, 1989, the trial court entered a default judgment against Color Tile for $16,511. In November, 1989, the Danovs levied execution against Color Tile's bank account and received $2,457.14.

In April, 1990, Color Tile appeared and posted an $18,000 cash bond to obtain a stay of execution and filed a motion to set aside the default judgment. After a hearing in August, the trial court set aside its default judgment. The Danovs appeal.

Color Tile failed to file a brief or petition for extension of time to file a brief. Because the court of appeals need not burden itself with the responsibility of developing arguments for either party when an appellee fails to file a brief, we have the discretion to reverse the lower court if the appellant demonstrates *prima facie* error. *Burroughs v. Burroughs* (1913), 180 Ind. 380, 381, 103 N.E. 1; *Fisher v. Board of School Trustees* (1986), Ind.App., 514 N.E.2d 626, 628. *Prima facie* error is error appearing at first sight, on first appearance, or on the face of the argument. *Johnson County Rural Electric Membership Corp. v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. In addition, the appellee may be considered to have confessed error by not filing a brief, and the appellate court may consider the statements of facts contained in appellant's brief both to be true and sufficient for the disposition of the appeal. *Burnell, supra,* at 991.

The Danovs contend the trial court committed reversible error in setting aside the default judgment because Color Tile presented no admissible evidence showing any meritorious defense, nor did it present admissible evidence that excused its failure to appear and defend. We disagree.

The decision whether to set aside a default judgment is committed to the sound discretion of the trial court. Its decision in this regard is necessarily broad as any determination of excusable neglect must turn upon the unique factual background of each case. No fixed rules or standards have been established since the circumstances of no two cases are alike. An abuse of discretion is an erroneous conclu-

sion and judgment, one clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom. An abuse of discretion does not occur so long as even slight evidence of excusable neglect appears in the record. *Security Bank & Tr. v. Citizens Nat. Bk.* (1989), Ind.App, 533 N.E.2d 1245, 1247.

 When considering the reinstatement of a cause of action, trial courts may consider a number of factors, including the amount of money involved, the existence of a meritorious claim, the length of time between the judgment's entry and the request for relief, and the lack of prejudice to the defendant. *Bross v. Mobile Home Estates, Inc.* (1984), Ind.App., 466 N.E.2d 467; *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628; *Carvey v. Indiana National Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173; *Green v. Karol* (1976), 168 Ind.App. 467, 344 N.E.2d 106.

Here, the record shows the trial court considered a number of factors in determining excusable neglect. The complaint was captioned "Pratt vs. Danov." (R. 80). When Black received the complex answer and counterclaim, he called the attorney personally representing him in a claim he had filed against the Danovs.[1] The attorney advised him the answer did not concern Color Tile but was related to Black's personal suit. However, the attorney cautioned Black might want to direct the answer to Color Tile management for examination. (R. 86–87). Color Tile management in Texas was not aware of the action until March. (R. 105). Black, who had been contracting on the side, had breached company policy on the original sale. Specifically, the trial court found the complexity of the various matters in litigation between the parties suggested that justice would best be served among all the parties involved by setting aside the default judgment. (R. 109). The Danovs have not shown any way in which they would be prejudiced by reinstatement. Moreover, the issue will be moot if Pratt succeeds in his collection claim against the Danovs.

"[I]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, 1153. The trial court did not abuse its discretion in setting aside the default judgment and giving Color Tile the opportunity to be heard.

Affirmed.

MILLER and BAKER, JJ., concur.

---

1. There are three related actions concerning this matter.