**MID STATE BANK, n/k/a National City Bank, Indiana, Appellant–Defendant,**

v.

**84 LUMBER COMPANY, Appellee–Plaintiff.**

No. 49A05–9303–CV–112.

Court of Appeals of Indiana, Fifth District.

Feb. 28, 1994.

Curtis M. Jacobs, Nat. City Bank, KY, Law Dept., Louisville, KY, Brandt N. Hardy, Nat. City Bank, IN, Indianapolis, for appellant-defendant.

George Allen Rubin, Christopher E. Baker, Rubin & Levin, P.C., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

In an action for breach of contract the trial court entered summary judgment against Defendant–Appellant Mid State Bank (Bank) and in favor of Plaintiff–Appellee 84 Lumber Company (Lumber Company). Bank now appeals. We address the following rephrased issues:

1) Did Lumber Company properly designate Rule 56 materials in support of its motion for summary judgment?

2) Did the trial court err in refusing to allow Bank to present oral testimony at the summary judgment hearing?

3) Was the order of summary judgment unsupported by the evidence and contrary to law? [1]

We affirm.

The record shows that Keith and Lua Wana Payne, as owners of the Penguin Development Corporation, sought to establish a credit account with Lumber Company. They did so in order to purchase equipment, supplies and merchandise for use in the construction of a home for Michael Davis. Davis was Bank's borrower. As a part of the credit application, Lumber Company submitted to Bank a document entitled "Construction Loan Disclosure Form." Part I of the form was to be completed by Keith Payne, Part II was to be completed by Bank, and Part III was to be completed by Lumber Company. Bank's portion of the form showed $76,800.00 as the total amount of Davis's loan, set forth the various stages of disbursement of loan proceeds, and included an agreement by Bank to make all disbursements due to Lumber Company "co-payable" and to "do everything within our power and authority to help insure payment in full to 84 Lumber Company." *Record* at 8. Through one of its vice presidents, Bank executed the form on July 19, 1991. Thereafter, Lumber Company extended credit to Keith and Lua Wana Payne.

On July 24, 1992, Lumber Company filed a four-count Complaint against Penguin Development Corporation, Keith and Lua Wana Payne, Statewide Funding Corporation, and Mid State Bank. Only Count IV of the Complaint concerned Bank. In essence, the Complaint alleged that Penguin Development Corporation authorized Bank to issue checks jointly payable to the Corporation and to Lumber Company for the purchase of construction materials; that Bank failed to issue jointly payable checks; that there is an outstanding bill for construction materials in the amount of $4,562.92; and, that Bank is liable to Lumber Company in the amount of $4,562.92. Bank answered the Complaint, generally denied the allegations thereof and filed an affirmative defense asserting that no demand for payment had been made.

On October 7, 1992, Lumber Company filed its Motion For Summary Judgment. Attached to and in support of the motion was

---

1. Bank raised this issue for the first time in its reply brief. The law is well settled that grounds for error can only be framed in the appellant's initial brief and if addressed for the first time in the reply brief, they are waived. *See* Ind. Appellate Rule 8.3(A)(7); *Saloom v. Holder* (1974), 158 Ind.App. 177, 307 N.E.2d 890; *Board of County Commissioners v. Tinkham,* (1986), Ind.App. 491 N.E.2d 578, *reh'g denied, trans. denied.* However, despite waiver we may review the issue if the noncompliance with the Appellate Rules does not impede our review. *Dale Bland Trucking, Inc. v. Kiger* (1992), Ind.App., 598 N.E.2d 1103, 1105, *trans. denied.* In this case we review the waived issue.

a three-page Affidavit of Lumber Company's general counsel. The Affidavit made specific reference to Exhibits A, B, and D which had been made a part of Lumber Company's Complaint, namely: a bill for goods and services provided to Penguin Development Corporation, Penguin Development's Credit Application, and the Construction Loan Disclosure Form. Lumber Company also attached an affidavit setting forth its alleged entitlement to attorneys' fees. In a written response filed November 9, 1992, Bank included a section entitled "Designation of Pleadings" which directed the court to Count IV of Lumber Company's Complaint and the Bank's Answer to the Complaint. In a section entitled "Designation of Material Issues of Fact" Bank challenged the propriety of the request for attorney fees and also asserted Lumber Company failed to make a demand for payment. Bank included no affidavits as part of its response.

At the November 20, 1992 hearing on the motion for summary judgment, Lumber Company withdrew its request for attorney fees. As the judge was reviewing materials filed by both parties and listening to arguments of counsel, Bank requested the opportunity to call to the stand one of its loan officers who was present and prepared to testify. The request was denied. Bank then made an offer of proof which was granted. Counsel for Bank indicated that if the witness were allowed to take the stand he would testify that he was the loan officer involved in the account with the Payne's and the Penguin Development Corporation; that at no time did he have any notice that Lumber Company had delivered any products to the construction site; that at no time was a bill ever submitted to him; and that all disbursements were made in March, 1992. The hearing concluded, and the motion for summary judgment was taken under advisement. On November 30, 1992, the trial court entered summary judgment in favor of Lumber Company and against Bank in the amount of $4,562.92, plus interest. This appeal arose in due course.

 When reviewing the grant of summary judgment, our well settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Montgomery County Farm Bureau Co-op Ass'n., Inc. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh'g denied.* We must consider the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) without deciding its weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593 *trans. denied.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. When a motion for summary judgment is made and supported by the materials contemplated by Ind. Trial Rule 56, the opposing party may not rest on its pleading but must set forth specific facts using supporting materials contemplated by this rule. *Liberty Mut. Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied.* If the opposing party fails to meet this burden, summary judgment may be granted.

## I.

Bank first contends the grant of summary judgment was erroneous because Lumber Company failed to properly designate materials in accordance with Ind. Trial Rule 56(C). Thus, reasons Bank, not only was there no reason for it to respond to Lumber Company's summary judgment motion, but also there was nothing in the record on which the trial court could have relied in granting the motion.

 Since the 1991 Amendments to Rule 56, a reviewing court has been prohibited from searching the entire record to determine the propriety of the trial court's grant of summary judgment. Rather, only those portions of the record that were specifically designated to the trial court now comprise the entire record for appellate review. *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411. Further, each party is now required to *"designate* to the court *all parts*

of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434 citing T.R. 56(C) (emphasis in the original).

■ In this case, Lumber Company attached to its Motion for Summary Judgment a three-page Affidavit of its general counsel. In essence, the Affidavit alleged that Keith Payne of the Penguin Development Corporation authorized Bank to issue jointly payable checks to Penguin Development and Lumber Company under the terms of a Construction Loan Disclosure Form, that Lumber Company never received any jointly payable checks, that Penguin Development purchased materials from Lumber Company, and that there is presently due and owing the sum of $4,562.92. The Affidavit made specific reference to Exhibits A, B, and D which had been made a part of Lumber Company's Complaint, namely: a bill for goods and services provided to Penguin Development Corporation, Penguin Development's Credit Application, and the Construction Loan Disclosure Form.

■ Bank's argument that Lumber Company did not specifically designate materials in accordance with T.R. 56 lacks merit. There is no particular form a party must use in order to meet the designation requirement. It is true that the better practice for both parties is to clearly and succinctly state the material factual issues and pertinent parts of the record relevant to those factual issues in the actual motion for summary judgment or response to the motion. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, 591, *trans. denied.* However, as long as the trial court is apprised of the specific material on which the parties rely either in support of or in opposition to the motion then the designation requirement has been met. *See, e.g., Czaja v. City of Butler* (1992), Ind. App., 604 N.E.2d 9 (designation requirement of T.R. 56 met through oral presentation at the hearing on the motion for summary judgment); *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, *reh'g denied* (materials specifically mentioned in

summary judgment brief considered sufficient to satisfy T.R. 56 designation requirement).

In the case before us Lumber Company did not file a pleading entitled "Designated Materials." However, it was abundantly clear to the trial court that Lumber Company was specifically relying on its affidavits and exhibits attached to its Complaint to support its summary judgment motion. As a result, contrary to Bank's argument, we have not been thrown to days past of resorting to a search of the entire record to determine what materials the trial court relied on in reaching its decision. Rather, Lumber Company's Affidavit and exhibits along with Bank's designation of pleadings and material issues of fact comprise the entire record for appellate review. We find no error here.

## II.

■ Bank next contends the trial court erred in refusing to allow its loan officer to present oral testimony at the summary judgment hearing.

Indiana Trial Rule 56(E) provides in pertinent part, "[t]he trial court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits or, within the discretion of the judge, testimony of witnesses." Bank acknowledges the foregoing rule but contends we should reverse the trial court because its failure to allow witness testimony in opposition to Lumber Company's Affidavit resulted in prejudice. *See Babinchak*, 598 N.E.2d at 1102 (the trial court's decision to refuse testimony will not be reversed, absent a showing of prejudice.)

Bank's argument fails for at least two reasons. First, there has been no prejudice shown. According to the offer of proof, Bank's loan officer would have essentially testified that at no time did Lumber Company make a demand for payment. This assertion lay at the heart of Bank's defense to Lumber Company's motion for summary judgment because, according to Bank, absent demand for payment it had no obligation to issue co-payable checks. However, in response to Lumber Company's motion, Bank

specifically designated as a material issue the fact that Lumber Company had made no demand. Thus, Bank's witness would merely have provided cumulative testimony affirming a matter that was already before the trial court.

Second, an abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. *Danov v. Color Tile, Inc.* (1991), Ind. App., 571 N.E.2d 327, *trans. denied.* In this case, Lumber Company filed its summary judgment motion along with attached affidavits on October 7, 1992, and Bank filed its response on November 9, 1992. The response included no counter affidavits. Bank does not explain why it failed to submit any counter affidavits other than to advance the theory that because Lumber Company did not present a prima facie case for summary judgment, Bank was not required to respond.

As we have already determined, Lumber Company made a proper designation of materials under the provisions of T.R. 56(C). As we discuss in the next section, all of the materials properly before the trial court demonstrate that summary judgment in favor of Lumber Company was properly granted.

Bank's rationale for failure to make an adequate response to Lumber Company's motion is insufficient to demonstrate that the trial court abused its discretion. Even if we were to agree that it may have been preferable for the trial court to have permitted Bank's testimonial evidence, T.R. 56(E) leaves such decisions to the discretion of the trial court. We find no abuse of discretion and decline to reverse.

### III.

Finally, Bank contends the order of summary judgment was unsupported by the evidence and contrary to law. Bank argues that because Lumber Company failed to make a demand for payment Bank was under no obligation to issue a co-payable check.

Lumber Company's Complaint and Motion for Summary Judgment were based on a contract labeled "Construction Loan Disclosure Form." The contract, which was executed by Bank, dictates in relevant part:

> This lending institution will make all <u>disbursements due</u> to 84 Lumber Company either directly payable or co-payable.
>
> <u> X </u> yes ___No
> Payable___Co–Payable <u>X</u>

\* \* \* \* \*

> We, as lender, ... will incorporate this as part of our file and recognize 84 Lumber Company as a payee and/or potential lienor and shall do everything within our power and authority to help insure payment in full to 84 Lumber Company.

*Record* at 8 (emphasis added).

Generally, construction of a written contract is a question of law for the trial court and therefore summary judgment is particularly appropriate. *Kutche Chevrolet, Inc. v. Anderson Banking Co.* (1992), Ind. App., 597 N.E.2d 1307. However, if the terms of a written contract are ambiguous, it is the responsibility of the trier of fact to ascertain the facts necessary to construe the contract. *Seibert v. Mock* (1987), Ind.App., 510 N.E.2d 1373. Consequently, whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Kutche,* 597 N.E.2d at 1309.

Bank argues the term "disbursement due" obligated Lumber Company to make demand for payment. Otherwise, contends Bank, it had no way of knowing when or if any disbursement was ever due to Lumber Company. Bank's argument is not persuasive. Nothing in the written agreement requires a demand as a pre-condition for the Bank issuing co-payable checks. The agreement expressly recognized Lumber Company as a co-payee. If Bank wanted a demand provision written in the agreement, then it should have insisted that one be included before executing the document. We will not add provisions to a contract which are not

agreed upon by the parties. *Fetz v. Phillips* (1992), Ind.App., 591 N.E.2d 644. Further, we find no ambiguity in the contract. Although not setting forth when the joint checks must be issued and in what amounts, the contract clearly anticipates the issuance of joint checks at some point prior to disbursement of the entire loan. By disbursing all proceeds without making any part co-payable to Lumber Company, Bank breached its agreement. The trial court's entry of summary judgment was not erroneous.

Judgment affirmed.

SHARPNACK, C.J., and MILLER, J., concur.