**Dorothy L. MacDONALD and James E. MacDonald, Appellants–Plaintiffs,**

**v.**

**Cephas MAXWELL, as an Individual and Employee, Appellee–Defendant.**

No. 73A01–9505–CV–138.

Court of Appeals of Indiana.

Oct. 4, 1995.

Rehearing Denied Feb. 26, 1996.

Earl C. Townsend, III, Townsend & Townsend, Indianapolis, for appellants.

Gary W. Bippus, Ricos & Price, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Dorothy L. MacDonald and James E. MacDonald appeal the trial court's order granting summary judgment in favor of appellee-defendant Cephas Maxwell in their negligence action against Maxwell.

### *FACTS*

On June 18, 1989, Dorothy, a member of the Chapel Hill United Methodist Church, was injured when she slipped and fell on the floor of the church. As a result of her accident, Dorothy filed a negligence action on June 17, 1991, against Maxwell, the church's janitor, alleging that he was negligent in waxing the church's floor.[1] Specifically, Dorothy alleged that Maxwell: 1) used the wrong type of floor wax, 2) failed to properly strip and pre-treat the floor before applying the wax, 3) improperly applied and buffed the wax, and 4) improperly spray-buffed the area where she fell. Record at 26. In response, Maxwell filed a motion for summary judgment on September 22, 1994. In his motion, Maxwell argued that he did not owe Dorothy a duty and, in the alternative, that he did not breach any duty owed to Dorothy because there was no evidence of any defective or hazardous condition on the floor.[2] After a hearing, the trial court granted Maxwell's motion for summary judgment on January 10, 1995.

### *DISCUSSION AND DECISION*

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Sizemore v. Arnold* (1995), Ind.App., 647 N.E.2d 697, 698. On appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. *Northern Indiana Public Service Co. v. Sell* (1992), Ind.App., 597 N.E.2d 329, 330, *trans. denied.* That is, summary judgment shall be granted if the designated evidence shows that "there is no genuine issue as to any material fact

---

1. Dorothy also filed an action against the United Methodist Church, which is an unincorporated association. However, the general common-law rule in Indiana is that members of an unincorporated association cannot sue the association for the tortious acts of one or more of its members. *Calvary Baptist Church of Marion, Ind. v. Joseph* (1988), Ind., 522 N.E.2d 371, 374. Because Dorothy is a member of the United Methodist Church, she is barred, pursuant to this rule, from suing the church. Thus, Dorothy's sole remedy is to sue Maxwell, a non-member, part-time janitor who, because of the general rule, is left without the usual employee protections of respondeat superior or joint and several liability. Although the rule protecting an unincorporated association from a suit by its own members was originally adopted in an attempt to prevent collusive lawsuits between the members of an association, we find it hard to believe that the rule was also intended to allow a part-time employee of an association to shoulder the sole responsibility for a member's accident. Because we find it hard to accept that a non-member employee of an unincorporated association should be exposed to such liability or that an injured plaintiff could only look to the pockets of a non-member employee, we believe that it may be time to take another look at the rule and particularly the rule's impact on the employees of unincorporated associations and injured plaintiffs. *See* Mark E. Chopko, *Ascending Liability of Religious Entities for the Actions of Others,* 17 Am.J.Trial Advoc. 289 (1993); *see also* Edward M. Gaffney, Jr. & Philip C. Sorenson, *Ascending Liability in Religious and Other Nonprofit Organizations* (1984). However, because this issue was not raised in this appeal, we must leave its determination for another day.

2. Maxwell also argued that he could not be held liable under a theory of premises liability because he neither owned nor controlled the property where the accident occurred.

and ... the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(c); *Sizemore,* 647 N.E.2d at 698–99. Further, construing all facts and reasonable inferences against the moving party, we will affirm a grant of summary judgment on any legal theory which is consistent with the designated evidence in the record. *Id.* at 699.

To recover under a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Although the determination of whether a duty exists is a question of law to be determined by the court, whether the defendant breached that duty and whether that breach was the proximate cause of the plaintiff's injuries are generally questions to be determined by the trier of fact. *Mannon v. Howmet Transport Service, Inc.* (1994), Ind.App., 641 N.E.2d 70, 72.

In the instant case, Maxwell had a duty to use reasonable care in waxing the church's floor. However, whether Maxwell breached this duty by: 1) using the wrong type of floor wax, 2) failing to properly strip and pre-treat the floor before applying the wax, 3) improperly applying and buffing the wax, and 4) improperly spray-buffing the area where Dorothy fell, is a question of fact to be resolved by the fact finder. Thus, because genuine issues of material fact exist, the trial court erred in granting Maxwell's motion for summary judgment. Accordingly, we reverse the entry of summary judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBERTSON and RUCKER, JJ., concur.