# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2015, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Kurt V. Laker
Mark S. Gray
Craig D. Doyle
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

James M. Yannakopoulos
Koransky, Bouwer, and Poracky, P.C.
Dyer, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Horizon Bank, N.A.,<br>*Appellant*,<br><br>v.<br><br>Centier Bank,<br>*Appellee*. | August 18, 2015<br><br>Court of Appeals Case No.<br>46A04-1409-MF-408<br><br>Appeal from the LaPorte Superior Court<br><br>The Honorable Richard R. Stalbrink Jr.,<br>Judge<br><br>Cause No. 46D02-1212-MF-772 |

**Brown, Judge.**

Horizon Bank, N.A. ("Horizon") appeals the denial of its motion to set aside default judgment. Horizon raises one issue which we revise and restate as whether the trial court abused its discretion in denying its motion. We reverse and remand.

## Facts and Procedural History

On October 14, 2005, John and Donna Pouzar executed a Prime Line Special Consumer Open End Agreement in favor of Centier Bank ("Centier") pursuant to which they agreed to repay a loan to Centier in the principal amount of $85,000, or so much of the credit limit as may be advanced under the agreement. On that same day, the Pouzars also executed a mortgage granting to Centier (the "Centier Mortgage") a security interest in certain real estate (the "Property") to serve as collateral for Centier's loan. On January 22, 2007, the Pouzars executed a mortgage granting Horizon Bank, N.A. ("Horizon") a security interest in the Property to serve as collateral for a loan by Horizon to the Pouzars of $295,000. Contemporaneously, Centier executed a Subordination Agreement of Mortgage in which it agreed that the 2005 Centier Mortgage was inferior to Horizon's 2007 mortgage. On December 23, 2008, and again on December 30, 2011, the Pouzars refinanced their loan from Horizon by executing a new note and mortgage of the Property in favor of Horizon in the principal amounts of $297,000 and $287,500, respectively.[1] With each refinancing, Centier again executed a Subordination Agreement of Mortgage whereby it agreed that the 2005 Centier Mortgage was inferior to the mortgage held

---

[1] The record does not appear to include copies of the 2007 or 2008 notes and mortgages related to the loan from Horizon. The loans and mortgages are, however, referenced in recorded Subordination Agreements included in the record.

by Horizon. Horizon recorded the most recent mortgage of the Property granted by the Pouzars in favor of Horizon (the "Horizon Mortgage") and the accompanying Subordination Agreement of Mortgage executed by Centier on January 10, 2012. The Horizon Mortgage identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and as nominee for Horizon and its successors and assigns.[2]

[3] On December 27, 2012, Centier filed a complaint to foreclose on the Property. In the complaint, Centier alleged in part that John Pouzar defaulted on his obligations under the Centier Mortgage, entitling Centier to foreclose its interest in the Property, and Centier named "[MERS], solely as nominee for Lender and Lender's sucessors and assigns and Horizon Bank, N.A." as a defendant and asked that the court "[d]eclare that all liens, interest, and claims of any of the Defendants to be inferior and subordinate to" the Centier Mortgage. Appellant's Appendix at 8, 11. On February 19, 2013, Centier filed a motion for entry of default against MERS as the nominee for Lender and Horizon. The court denied that motion on the basis that service on MERS was returned as undeliverable and was therefore not perfected. On April 9, 2013, Centier again filed a motion for default judgment against MERS, stating that it accomplished service upon MERS. On April 12, 2013, the court granted Centier's motion, and entered an order of default judgment.[3]

---

[2] The Indiana Supreme Court has explained that in the 1990s "a consortium of investment banks" created MERS to maintain "a computer database designed to track servicing and ownership rights of mortgage loans anywhere in the United States." *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 809 (Ind. 2012), *reh'g denied*.

[3] An entry in the Chronological Case Summary on April 30, 2013 states "Service Returned Not Served . . . [MERS] not served." Appellant's Appendix at 3.

[4] Horizon first became aware of Centier's foreclosure action and the default judgment on November 6, 2013, when Centier filed an objection to Horizon's secured claim in John Pouzar's Chapter 13 bankruptcy proceedings. On November 15, 2013, Horizon filed a Motion for Relief from Default Judgment in which it argued, *inter alia*, that the judgment against it was void for lack of personal jurisdiction due to failure to serve Horizon with a summons and should be set aside under Indiana Trial Rule 60(B)(6). The court heard argument concerning Horizon's motion to set aside the default judgment at a hearing on January 17, 2014. On May 27, 2014, the court granted Horizon's motion and set aside the default judgment.

[5] On June 26, 2014, Centier filed a motion to correct errors asserting that the default judgment was proper and should be reinstated. On July 16, 2014, the court granted Centier's motion to correct errors, reinstating the entry of default judgment against Horizon. On August 26, 2014, the court entered an order that denied Horizon's request for relief from the default judgment and directed entry of a final judgment against Horizon.

## *Discussion*

[6] The issue is whether the trial court abused its discretion in denying Horizon's motion to set aside default judgment. When we review a trial court's ruling on a motion to set aside a judgment, "[t]he trial court's ruling is entitled to deference and will be reviewed for an abuse of discretion." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001)). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and circumstances before the court, or where the trial

court misinterpreted the law. *Lapalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind. 1993), *reh'g denied*; *see also Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 134 S. Ct. 952 (2014). When reviewing the trial court's determination, we will not reweigh the evidence. *Wagler*, 980 N.E.2d at 371. On a motion for relief from judgment, the movant carries the burden of demonstrating that relief is both necessary and just. *Id*. at 372.

[7]     When deciding a motion to set aside a default judgment, the trial court's discretion should be exercised in light of the disfavor in which Indiana generally holds default judgments. *Allstate*, 747 N.E.2d at 547; *see also Coslett v. Weddle Bros. Constr. Co.*, 798 N.E.2d 859, 861 (Ind. 2003) ("Indiana law strongly prefers disposition of cases on their merits."), *reh'g denied*. "Any doubt of the propriety of a default judgment should be resolved in favor of the defaulted party." *Coslett*, 798 N.E.2d at 861. Furthermore, "[a] cautious approach to the grant of motions for default judgment is warranted in 'cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.' " *Kmart v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (citing *Green v. Karol,* 168 Ind. App. 467, 473-474, 344 N.E.2d 106, 110-111 (1976)), *trans. denied*. In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.*

[8]     Horizon argues that the court erroneously granted Centier's motion to correct error and erroneously denied its motion to set aside the default judgment. Specifically, Horizon argues that default judgment should be set aside under Ind. Trial Rule 60(B)(1) due to surprise, mistake, or excusable neglect. Horizon maintains that its

failure to timely respond to Centier's complaint was due to surprise or excusable neglect. Horizon argues that, in searching its archives, it discovered an electronic mail item from MERS that appears to have not been opened and that this was neglect, but that the neglect is excusable because the subject line of the email referenced a previous mortgage to Horizon, which secured a loan that had been paid in full, that Centier's complaint referenced the same mortgage, and that setting aside the default judgment would not harm Centier. Centier asserts that Horizon has waived its right to request relief under 60(B)(1) for failing to have raised the issue before the trial court.

[9] Ind. Trial Rule 60(B) provides in part that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect . . . ." A motion shall be filed not more than one year after the judgment was entered for purposes of Trial Rule 60(B)(1) and must allege a meritorious claim or defense. A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment. *Kmart*, 719 N.E.2d at 1254. We have held that "relief from judgment is essentially equitable in nature and, thus, a trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in finality of litigation." *Id.* at 1257 n.7 (citing *King v. King*, 610 N.E.2d 259, 262 (Ind. Ct. App. 1993), *reh'g denied*, *trans. denied*). Additionally,

[a]lthough a default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation, in Indiana there is a marked judicial deference for deciding disputes on their merits and for giving parties their day in court . . . .

*Charnas v. Estate of Loizos*, 822 N.E.2d 181, 184-185 (Ind. Ct. App. 2005).

[10]    There is no general rule as to what constitutes excusable neglect, mistake, or surprise under Trial Rule 60(B)(1). *Kmart*, 719 N.E.2d at 1254 (citing *In re Marriage of Ransom*, 531 N.E.2d 1171, 1172 (Ind. 1988)). Each case must be determined on its particular facts. *Id.* (citing *Boles v. Weidner*, 449 N.E.2d 288, 290 (Ind. 1983)). The following facts have been held to constitute excusable neglect, mistake, or surprise:

(a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

*Id.* (citing *Cont'l Assurance Co. v. Sickels*, 145 Ind. App. 671, 675, 252 N.E.2d 439, 441 (1969)). Additionally, "[w]hen considering the reinstatement of a cause of action, trial courts may consider a number of factors, including the amount of money involved, the existence of a meritorious claim, the length of time between the judgment's entry and the request for relief, and the lack of prejudice to the defendant." *Danov v. Color Tile, Inc.*, 571 N.E.2d 327, 329 (Ind. Ct. App. 1991) (citations omitted), *reh'g denied*, *trans. denied*.

To the extent Centier argues that Horizon has waived its argument under 60(B)(1) by failing to raise the argument before the trial court, we note that it is true that "'[a]n appellant who presents an issue for the first time on appeal waives the issue for purposes of appellate review.'" *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 340 (Ind. Ct. App. 2013) (quoting *Mid-States Gen. & Mech. Contr. Corp. v. Town of Goodland*, 811 N.E.2d 425, 438 n.2 (Ind. Ct. App. 2004)). However, we have previously stated that "[a] litigant's failure to specify the exact paragraph [of Ind. Trial Rule 60(B)] under which he seeks relief will not defeat his request for relief from judgment or dismissal if he can make an adequate showing that there are sufficient grounds to support his motion." *Greengard v. Ind. Lawrence Bank*, 556 N.E.2d 1373, 1375 (Ind. Ct. App. 1990).

Although Horizon did not specifically identify subparagraph (1) of Trial Rule 60(B) before the trial court, we find that it presented sufficient grounds to the trial court on which to support a 60(B)(1) motion setting aside the default judgment for surprise, mistake, or excusable neglect. In its reply to Centier's response to its motion for relief from the default judgment, Horizon stated:

> 3. Attached hereto as "Exhibit A" is the MERS summary for the 2008 loan referenced in the Complaint, which shows that the loan was paid in full on January 9, 2012, almost a year prior to the filing of Centier's Complaint. *MERS as a result received notice only with respect to a loan that had been paid in full and was no longer active*, which was secured by a mortgage which also dated to 2008.
>
> \* \* \* \* \*
>
> 6. *Centier's Complaint did not give reasonable notice to MERS because it failed to even reference the 2011 Horizon mortgage which Centier sought to foreclose*. Although Indiana is a notice pleading jurisdiction, a complaint must still put

a reasonable person on notice as to why the plaintiff is suing them. . . .

Appellant's Appendix at 165 (emphases added). Horizon's response to Centier's motion to correct errors also alleged surprise, mistake, and excusable neglect in the following paragraphs:

> 3. Even if Centier's service of this complaint upon MERS was sufficient, as alleged in the Motion to Correct Error, Centier's complaint itself was insufficient to allow a default judgment to be entered foreclosing Horizon's 2011 mortgage. Centier's complaint references a 2008 Horizon mortgage that was paid in full a year before Centier's complaint was even filed. *When MERS received the Centier complaint, it had no reason to appear, answer or forward the complaint to Horizon, because the 2008 Horizon mortgage that Centier sought to foreclose no longer existed.* The current Horizon mortgage is dated 2011 and is not referenced anywhere in the Centier complaint. As a result, Centier's complaint did not give reasonable notice to MERS that Centier sought to foreclose the 2011 Horizon mortgage.
>
> 4. Although Indiana is a notice pleading jurisdiction, a complaint must still put a reasonable person on notice as to why the plaintiff is suing them. . . . In this case, *Centier's reference in the complaint to a mortgage loan that had been paid in full caused MERS to believe that it did not need to answer the complaint or take any other action* and did not provide reasonable notice of the relief requested.

*Id.* at 179-180 (emphases added). Because Horizon presented sufficient grounds to support its contention on appeal that the default judgment entered against it should be set aside due to surprise, mistake, or excusable neglect, we conclude that Horizon has not waived this argument.

[13] Turning to the merits of Horizon's motion, the record reveals that the court entered a default judgment against it on April 12, 2013, and Horizon learned of the default judgment on November 6, 2013, when Centier filed an objection to Horizon's claim

in John Pouzar's Chapter 13 bankruptcy proceedings. Horizon filed its motion to set aside the default judgment on November 15, 2013, which was nine days after it received Centier's objection in John Pouzar's bankruptcy case and just under seven months after the entry of default judgment. In addition, Centier's complaint referenced Horizon's 2008 mortgage, which had secured a loan that had been "paid in full." Appellant's Appendix at 167. Furthermore, Horizon has a lien on the Property under the Horizon Mortgage that, according to the Subordination Agreement recorded on January 10, 2012, has priority over the Centier Mortgage. Additionally, Centier does not argue, and the documentation attached to the various motions of the parties does not establish, that Horizon's delay has prejudiced Centier or that a hearing of the claims on the merits will prejudice Centier given that the priority of the parties' security interests in the Property can be resolved based on the 2005 Centier Mortgage, recorded on October 2, 2005, and the 2011 Horizon Mortgage and Subordination Agreement of Mortgage, each recorded on January 10, 2012, the fact that the availability of those documents was not impacted by Horizon's delay, and Centier had executed a Subordination Agreement of Mortgage with regards to each of the mortgages granted to Horizon concerning the Property. Based upon the record, and in light of the relatively short length of delay, the security interest of Horizon and the amounts at issue, the fact the complaint referenced Horizon's 2008 Mortgage, the absence of evidence of prejudice to Centier and the substantial evidence of prejudice to Horizon, and the severity of the sanction of default judgment, we conclude that Horizon's failure to timely respond to Centier's complaint constituted excusable neglect under Trial Rule 60(B)(1).

[14] In order to obtain relief under Trial Rule 60(B)(1), Horizon must also show that it alleged a meritorious claim or defense. The rule by its terms requires only an allegation of a meritorious defense. *See* Ind. Trial Rule 60(B) ("A movant filing a motion for reason[] (1) . . . must allege a meritorious claim or defense.") "A meritorious defense is one demonstrating that, if the case was retried on the merits, a different result would be reached." *Baxter v. State*, 734 N.E.2d 642, 646 (Ind. Ct. App. 2000). To establish a meritorious defense, a party does not need to prove an undeniable defense. *Bunch v. Himm*, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008). Rather, a defendant need only make a *prima facie* showing of a meritorious defense that indicates to a trial court that the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand. *Id.*

[15] In its motion to set aside default judgment, Horizon stated that it and Centier had entered into Subordination Agreements in connection with the 2007, 2008, and 2011 mortgages executed by the Pouzars in favor of Horizon, pursuant to which Centier agreed to subordinate the Centier Mortgage to the Horizon Mortgage. Horizon attached each of these Subordination Agreements to its motion for relief from default judgment along with the Horizon Mortgage. Horizon has alleged that the result of the proceedings would be different if the judgment were set aside, and accordingly, we conclude that Horizon has alleged a meritorious defense as required by Trial Rule 60(B).

[16] Finding that Horizon has established that it was entitled to relief from the judgment by demonstrating excusable neglect and a meritorious defense, we conclude that the

trial court abused its discretion in denying Horizon's motion for relief from default judgment.[4]

## *Conclusion*

[17] For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

[18] Reversed and remanded.

Crone, J., and Pyle, J., concur.

---

[4] Horizon also argues that it is entitled to relief under Ind. Trial Rule 60(B)(6). However, we need not reach this argument as we reverse on the basis that Horizon has demonstrated the default judgment should be set aside due to excusable neglect. *See Vadas v. Vadas*, 762 N.E.2d 1234, 1236 (Ind. 2002) (holding that, because it reversed the judgment of the trial court on other grounds, the Court need not address an argument regarding improper service).